TENAGLIA v. TULLY & DI NAPOLI, Inc.

No. 2226.

District Court, E. D. New York.

March 11, 1942.

Samuel Witte, of New York City, for plaintiff.

Ben M. Halpern, of Long Island City, N. Y., for defendant.

ABRUZZO, District Judge.

This action, instituted by the plaintiff, was brought to recover $1,738.14 under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, for unpaid overtime compensation and for an additional equal amount as liquidated damages as required by statute, together with the costs and a reasonable attorney's fee.

The complaint alleges that the plaintiff was employed by the defendant from March 15, 1940, to January 3, 1941, in the capacity of a watchman. The defendant contractor was engaged in certain construction work pursuant to an agreement with the Transit Commission of the State of New York and the Long Island Railroad Company, a subsidiary of the Pennsylvania Railroad Company, which the plaintiff contends involved interstate commerce, thereby placing plaintiff's employment within the provisions of the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. § 201–219.

Sections 206 and 207 of the Act are claimed to have been violated by the defendant. This suit has been brought pursuant to Title 29 U.S.C.A. § 216(b) which provides the penalties for the alleged violations.

Upon the trial of this action, the evidence adduced indicated that the defendant was engaged in construction work involving interstate commerce during part of the time the plaintiff was employed by it in the capacity of a watchman. The defendant conceded that some of the work performed by the plaintiff was placed in the category of interstate commerce upon its consent at the request of the United States Wage and Hour Division. Thus, the plaintiff is entitled to overtime payment according to the Fair Labor Standards Act of 1938 for that period of time the defendant employed him on jobs categorized as interstate commerce. The testimony further disclosed that many employees including the plaintiff had their claims before the United States Wage and Hour Division; and each of them excepting the plaintiff, were satisfied with the results of that investigation and accepted the amount computed by that Division.

Therefore, the specific amount due the plaintiff for overtime must be determined by the Court. The computations of the plaintiff differ greatly from those submitted by the defendant which relies upon its records, while the former apparently depends upon his own recollection.

The original complaint, dated August 26, 1941, alleges:

"Seventh: That plaintiff worked for the defendant as aforesaid at a weekly salary of $30.00 per week for a 40 hour week consisting of five days of work at 8 hours per day and the average hourly pay being 75¢ per hour; that actually plaintiff worked for the defendant as follows:

"March 15, 1940 to July 1, 1940, a period of 15 weeks for 16 hours a day, 5 days a week, amounting to 38 hours a week over and above the statutory work week of 42 hours.

"August 1, 1940 to October 24, 1940, a period of 12 weeks for 16 hours a day, 5 days a week, amounting to 38 hours a week over and above the statutory work week of 42 hours.

"October 24, 1940 to January 3, 1941, a period of 10 weeks for 16 hours a day, 5 days a week, amounting to 40 hours a week over and above the statutory work week of 40 hours.

"During one month plaintiff worked for the defendant 7 days a week at 16 hours per day including Saturdays and Sundays which entitled the plaintiff to overtime compensation for 10 days during said month at 16 hours per day or a total of 160 hours.

"That plaintiff's overtime rate of time and one-half is $1.12½ per hour; that the aggregate of overtime hours which plaintiff worked and for which he is entitled to the statutory compensation is 1586 hours at $1.12½ per hour, making the total of $1,784.25."

Thereafter and on November 24, 1941, an amended complaint was filed which stated:

"Seventh: That plaintiff worked for the defendant as aforesaid at a weekly salary

of $30.00 per week for a 48 hour week consisting of 6 days of work at 8 hours per day, and the average hourly pay being 62½¢ per hour; that plaintiff's overtime rate of time and one-half is 93¾¢ per hour; that plaintiff's overtime compensation which he should have received under the terms of the Act but failed to receive is computed as follows:

March 27th, 1940 to June 26th, 1940, 14 weeks, 16 hours a day, 7 days a week, 42 statutory hours, 70 hours overtime.

Rate: 62½¢ per hour regular
93¾¢ per hour overtime

| | |
|---|---|
| 42 hours regular at 62½¢ | $26.25 |
| 70 hours overtime at 93¾¢ | 65.23 |
| | |
| Pay should be per week | 91.48 |
| Received | 30.00 |
| | |
| Due each week | 61.48 |
| 14 weeks | $860.72 |

One week of two weeks ending July 3rd and July 10th, 1940, 6 days at 16 hours per day, 96 hours—42 statutory hours, 54 hours overtime.

| | |
|---|---|
| 42 hours regular at 62½¢ | $26.25 |
| 54 hours overtime at 93¾¢ | 50.62 |
| | |
| Pay should be | 76.87 |
| Received | 30.00 |
| | |
| Due | $46.87 |

July 17th, 1940 to September 4th, 1940, 8 weeks, 16 hours per day, 6 days per week.

| | |
|---|---|
| 42 hours regular at 62½¢ | $26.25 |
| 54 hours overtime at 93¾¢ | 50.62 |
| | |
| Pay should be | 76.87 |
| Received | 30.00 |
| | |
| Due each week | 46.87 |
| 8 weeks | $374.96 |

September 11th, 1940 to October 23rd, 1940, 7 weeks, 10 hours per day, 6 days per week.—42 statutory hours, 18 hours overtime.

| | |
|---|---|
| 42 hours regular at 62½¢ | $26.25 |
| 18 hours overtime at 93¾¢ | 16.87 |
| | |
| Pay should be | 43.12 |
| Received | 30.00 |
| | |
| Due each week | 13.12 |
| 7 weeks | $91.84 |

October 30th, 1940 to November 20th, 1940, 4 weeks, 10 hours per day, 6 days per week—40 statutory hours, 20 hours overtime.

| | |
|---|---|
| 40 hours regular at 62½¢ | $25.00 |
| 20 hours overtime at 93¾¢ | 18.75 |
| | |
| Pay should be | 43.75 |
| Received | 30.00 |
| | |
| Due each week | 13.75 |
| 4 weeks | $55.00 |

November 27th, 1940 to December 31st, 1940, 6 weeks, 16 hours per day, 6 days per week.

| | |
|---|---|
| 40 statutory hours regular at 62½¢ | $25.00 |
| 56 hours overtime at 93¾¢ | 52.50 |
| | |
| Pay should be | 77.50 |
| Received | 30.00 |
| | |
| Due each week | 47.50 |
| 6 weeks | $285.00 |

January 1, 2, 3, 1941, 3 days at 16 hours per day.

| | |
|---|---|
| 20 hours regular at 62½¢ | $12.50 |
| 28 hours overtime at 93¾¢ | 26.25 |
| | |
| Pay should be | 38.75 |
| Received | 15.00 |
| | |
| Due | $23.75 |

Recapitulation

| | |
|---|---|
| Weeks ending March 27, 1940 to June 26, 1940 | $860.72 |
| One week of two weeks ending July 3 and July 10th, 1940 | 46.87 |
| Weeks ending July 17, 1940 to September 4, 1940 | 374.96 |
| Weeks ending September 11, 1940 to October 23, 1940 | 91.84 |
| Weeks ending October 30, 1940 to November 20th, 1940 | 55.00 |
| Weeks ending November 27th, 1940 to December 31st, 1940 | 285.00 |
| January 1st, 2nd, 3rd, 1941. | 23.75 |
| | |
| | $1738.14" |

It will be noted that there are marked discrepancies between these two sworn documents. Moreover, at the trial of this suit, the plaintiff was extremely vague as to just what days and the number of hours he actually worked each day. He was not, to say the least, very accurate and his manner of testifying lacked veracity.

The plaintiff maintained that on or about March 20, 1940, he had a conversation with Melvin Van Tassel, who was manager and supervisor of the field office of the defendant, who told him that he needed a watchman on the Rockaway Grade Crossing Elimination Job and that owing to a shortage of watchmen, plaintiff would have to work for sixteen hours a night, seven nights a week and would receive $30 per week for eight hours a night and overtime compensation. This conversation was denied in its entirety by the defendant.

The testimony has failed to substantiate plaintiff's contention on this point. Plaintiff's subsequent actions do not corroborate his claim in the least. He apparently took advantage of the United States Wage and Hour Division's investigation and then, for the first time, made the present demand.

Prior to filing the amended complaint herein, it was stipulated by and between the attorneys for the respective parties that in lieu of discovery and inspection the pay roll sheets of the defendant would be used to determine the plaintiff's time and it was thereafter that the amended complaint was filed.

The plaintiff endeavored to prove upon the trial of this case that he was employed as a laborer but no proof was established that he was other than a watchman.

The testimony revealed that some weeks the plaintiff worked ninety-six (96) hours. However, upon his own admission, the plaintiff arrived on the job early and remained late to accommodate his brother, also employed by the defendant. In these instances, the Court will credit the plaintiff with eighty-four hours of work per week upon which the overtime hours will be based since the plaintiff voluntarily worked the extra hours in those weeks.

Due to lack of substantiating evidence upon the part of the plaintiff as to his actual working hours and to the dearth of information in the briefs of both attorneys, the Court must resort to the only definite facts adduced at the trial which were given by the defendant's witness, Charles A. Dorsey, the assistant treasurer of the defendant corporation. From time sheets kept by the defendant, this witness testified that the plaintiff worked the following hours upon which the excess hours have been figured based on the prescribed 42 hour week to October 25, 1940 and the 40 hour week thereafter:

| Week ending | Hours per day | No. of days | Total hours | Overtime based on 42 hours |
|---|---|---|---|---|
| Mar. 20 | 16 | 6 | 96(84) | 42 |
| Mar. 27 | 16 | 6 | 96(84) | 42 |
| Apr. 3 | 14 | 6 | 84 | 42 |
| May 1 | 14 | 6 | 84 | 42 |
| May 8 | 14 | 6 | 84 | 42 |
| May 15 | 14 | 6 | 84 | 42 |
| May 22 | 14 | 6 | 84 | 42 |
| May 29 | 14 | 6 | 84 | 42 |
| June 5 | 14 | 6 | 84 | 42 |
| June 12 | 14 | 6 | 84 | 42 |
| June 19 | 14 | 6 | 84 | 42 |
| June 26 | 14 | 6 | 84 | 42 |
| July 3 | | | 42 | 0 |
| July 10 | | | 42 | 0 |
| July 17 | 14 | 6 | 84 | 42 |
| July 24 | 14 | 6 | 84 | 42 |
| July 31 | 14 | 6 | 84 | 42 |
| Aug. 7 | 14 | 6 | 84 | 42 |
| Aug. 14 | 14 | 6 | 84 | 42 |
| Aug. 21 | 14 | 6 | 84 | 42 |
| Aug. 28 | 14 | 6 | 84 | 42 |
| Sept. 4 | | | 84 | 42 |
| Sept. 11 | | | 60 | 18 |
| Sept. 18 | | | 60 | 18 |
| Sept. 25 | | | 60 | 18 |
| Oct. 2 | | | 60 | 18 |
| Oct. 7 | | | 60 | 18 |
| Oct. 16 | | | 60 | 18 |
| Oct. 23 | | | 60 | 18 |

| Week ending | | | Total hours | Overtime based on 40 hours |
|---|---|---|---|---|
| Oct. 30 | | | 60 | 20 |
| Nov. 6 | | | 60 | 20 |
| Nov. 13 | | | 60 | 20 |
| Nov. 20 | | | 60 | 20 |
| Nov. 27 | | | 96(84) | 44 |
| Nov. 23—Jan. 23 | | | | 218 |
| | | | | 1308 |
| Less: overtime for Nov. 23, 24, 25, 26, 27 included in week ending Nov. 27 | | | | 30 |
| | | | Total | 1278 |

It will be noted in the foregoing computation that the overtime hours for November 23, 24, 25, 26 and 27, 1940, were included in the number of hours for the week ending November 27, 1940, amounting to ninety-six hours, as well as in the aggregate number of hours overtime for the period from November 23, 1940, to January 23, 1941, amounting to two hundred eighteen (218) hours; therefore, the excess hours for those days have been deducted from the total of the computation. The total number of overtime hours that this plaintiff worked for the defendant is found to be 1,278 hours.

The weeks ending April 10, 17 and 24, 1940, have not been accounted for in the foregoing computation because the evidence

818

disclosed that during those weeks the plaintiff worked at another job, designated as the Bush Street Job, which was not involved in interstate commerce. Therefore, this period of employment did not come within the provisions of the Fair Labor Standards Act.

The Court believes that the plaintiff was employed on the basis of $30 per week for 84 hours per week, and not $30 per week for a 42 hour week as the plaintiff contends. Therefore, pursuant to Section 207 of the Fair Labor Standards Act of 1938, up until October 25, 1940, the prescribed work week consisted of 42 hours and all hours above that constituted overtime; after that date, the prescribed work week consisted of 40 hours and over and above that overtime. According to Subdivision (3) of Division (a) of Section 207 of the Act, the plaintiff is entitled to compensation for the overtime employment at a rate of one and one-half times the regular rate at which he was employed.

Following these provisions, the basic pay of the plaintiff, figured on $30 per week for an eighty-four (84) week, is computed at $.357 for forty-two (42) hours; and at $.535 per hour for excess hours; and after October 25, 1940, the basic pay is computed at $.357 per hour for forty (40) hours and $.535 for excess hours. Since the plaintiff received the basic pay of $.357 per hour for the entire number of hours he worked, he now should be compensated for the overtime employment, 1,278 hours, at the rate of $.1785 which constitutes the additional one-half of his basic hourly pay which was not paid to him. The additional overtime payment due the plaintiff amounts to $228.12.

Title 29 U.S.C.A. § 216 provides that any employer violating Sections 206 or 207 of the Fair Labor Standards Act of 1938 is liable for the unpaid compensation for the overtime employment and for an additional equal amount as liquidated damages as well as for a reasonable fee for the employee's attorney and for the costs of the action.

Therefore, plaintiff is entitled to a judgment in the amount of $456.24, plus counsel fees fixed at $125, in addition to the costs of his action.

Pursuant to Rule 52 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, the Court must find the facts and state its conclusions of law thereon.

### Findings of Fact.

1. Plaintiff was employed by defendant as a watchman from March 20, 1940, to January 23, 1941.

2. Plaintiff's employment, excepting for the weeks ending April 10, 17 and 24, 1940, involved interstate commerce and came within the provisions of the Fair Labor Standards Act of 1938.

3. Defendant employed plaintiff at $30 per week for an 84 hour week, or at the basic pay of $.357 per hour for 42 hours per week to October 25, 1940; and for 40 hours per week thereafter; and at $.535 per hour for overtime compensation.

4. Plaintiff worked 1,278 hours in excess of the prescribed 42 and 40 hour work week.

5. Plaintiff received the basic pay of $.357 for all the hours he was employed, including the excess hours, but he did not receive the additional one-half of the basic pay or $.1785 per hour for the 1278 excess hours, amounting to $228.12.

### Conclusions of Law.

1. Defendant violated Sections 206 and 207 of the Fair Labor Standards Act of 1938.

2. For these violations, defendant must pay in addition to the compensation due an equal amount for liquidated damages, a reasonable fee for plaintiff's counsel, and the costs of this action, pursuant to Title 29 U.S.C.A. § 216.

3. Plaintiff is entitled to $456.24, representing the additional compensation due and the equal amount for liquidated damages.

4. Pursuant to Sec. 216 of Title 29 U.S.C.A., defendant is liable for the fee of plaintiff's counsel, fixed at $125.

5. Defendant is charged with the payment of the costs of this action.

Enter judgment in accordance with this decision.